# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| **JAMES MINOR,** | ) | Bankruptcy No. 12-00416 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## ORDER RE: REAFFIRMATION AGREEMENT BETWEEN DEBTOR AND SIOUXLAND FEDERAL CREDIT UNION (ECF Doc. No. 24)

This matter came before the Court for hearing on Debtor's Reaffirmation Agreement with creditor Siouxland Federal Credit Union. Attorney Tara Vonnahme appeared for Debtor James Minor. After the hearing the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## STATEMENT OF THE CASE

Debtor seeks to reaffirm a debt secured by a 2007 Chevrolet Silverado Z71. Debtor's Reaffirmation Agreement shows the presumption of undue hardship arises under 11 U.S.C. § 524(c)(6)(A). Debtor asserts he has reduced his living expenses and can afford to make the payments under the reaffirmation agreement. The Court finds that Debtor has successfully rebutted the presumption of undue hardship and now approves reaffirmation.

1

## FINDINGS OF FACT

Debtor, James Minor, is a laborer in Sioux City, Iowa. Debtor seeks to reaffirm a debt secured by a 2007 Chevrolet Silverado Z71. Debtor financed the purchase of this truck through Siouxland Federal Credit Union. Debtor owed $14,486.98 at the time the reaffirmation agreement was filed. Debtor estimates the value of the truck to be $17,899, but offered no evidence to support this assertion. Based on this estimation, Debtor's equity in the truck is $3,412.02. Debtor is paying a fixed interest rate of 5.75% on the outstanding debt. His monthly payments are $385.72. According to Debtor's original filings, Schedule J shows Debtor has a monthly surplus of $69.41. However, adding the payments on the truck to those numbers would give the Debtor a deficit of $316.31. (ECF Doc. No. 15, at 27.)

Debtor filed for Chapter 7 bankruptcy on March 8, 2012. Debtor filed this Reaffirmation Agreement on May 15, 2012. Debtor asserts that he needs a truck for two reasons: (1) his job as a laborer requires he bring along his own tools; and (2) he has joint custody of his daughter and he uses the truck to visit her. (ECF Doc. No. 32, at 1.) Debtor claims he purchased the truck two years prior to filing bankruptcy. (Id.)

Debtor asserts he has made a number of adjustments to reduce his debt so he can afford the debt he seeks to reaffirm. Most significantly, Debtor moved from his home to a rental property. (Id.) At the hearing, Debtor's attorney asserted that

the new residence lowers his utility, maintenance, internet, and cable expenses. Debtor also changed jobs. Debtor claims the new job will reduce his clothing expenditures because it provides uniforms. Debtor asserts these changes have increased the surplus in his budget—excluding this agreement—from $69.41 to $423.09.

Debtor's attorney has signed the attorney certification on the Reaffirmation Agreement provided for by 11 U.S.C. §§ 524(c)(3) and (k)(5)(A). Debtor also claims that new loans on similar vehicles would require him to make significant down payments and pay interest rates around 18%—given his poor credit. (Id.) No creditor has objected to this agreement.

## CONCLUSIONS OF LAW

"One of the fundamental goals of the Bankruptcy Code is to provide debtors with a fresh start." In re Bartz, No. 10-01897, 2011 WL 671991, at *2 (Bankr. N.D. Iowa Feb. 17, 2011) (citing Grogan v. Garner, 498 U.S. 279, 286–87 (1991)). The Code enables a fresh start by granting the "honest but unfortunate debtor" a discharge of certain debts. Grogan, 498 U.S. at 286. The Court "shall grant the debtor a discharge" unless grounds exist that render the debtor ineligible to receive a discharge. 11 U.S.C. § 727(a). When an eligible debtor receives a discharge it effectuates an injunction against actions, acts, or processes to recover or collect on debts of the debtors "whether or not the discharge of such debt is waived." 11 U.S.C. § 524(a)(2).

"A debtor may voluntarily agree in writing to repay, or reaffirm, a debt that would be dischargeable in bankruptcy." In re Vosburg, No. 11-01390, 2012 WL 1098523, at *3 (Bankr. N.D. Iowa Mar. 30, 2012) (citing 11 U.S.C. § 542). The Bankruptcy Code includes provisions aimed at ensuring that reaffirming debtors do not fall victim to coercive and deceptive actions by creditors and to make sure "that debtors understand the consequences of entering into such agreements." In re Tarnowski, No. 08-02262, 2009 WL 424999, at *1 (Bankr. N.D. Iowa 2009) (citing In re Schmidt, 397 B.R. 481, 482 (Bankr. W.D. Mo. 2008)). Section 542(c) governs the enforceability of a reaffirmation agreement between the debtor and creditor.

> The elements of a valid reaffirmation agreement are: (1) the debtor must enter into a reaffirmation agreement prior to discharge and file the agreement with the court; (2) the agreement must clearly and conspicuously state that the debtor may rescind the agreement prior to the discharge or within sixty (60) days after the agreement is filed with the court, whichever is later; (3) the agreement is accompanied by an affidavit of the debtor's attorney, if the debtor is represented, with a declaration that the agreement is an informed and voluntary agreement by the debtor and that the reaffirmed debt does not impose an undue hardship; (4) the debtor has not rescinded the agreement at the time of discharge or within sixty (60) days after it is filed with the court; and (5) compliance with the procedural requirements of § 524(d).

Vosburg, 2012 WL 1098523, at *3 (quoting In re Walker, 180 B.R. 834, 846 n.20 (Bankr. W.D. La. 1995)).

"Reaffirming an obligation to repay a prepetition debt is contrary to the fresh start provisions of the Bankruptcy Code." Bartz, 2011 WL 671991, at *2; see also

4

In re Jamo, 283 F.3d 392, 398 (1st Cir. 2002); In re Getzoff, 180 B.R. 572, 574 (B.A.P. 9th Cir. 1995); In re Pickerel, 433 B.R. 679, 683 (Bankr. N.D. Ohio 2010); In re Reed, 403 B.R. 102, 104 (Bankr. N.D. Okla. 2009).  A reaffirmation agreement establishes an exception to the discharge provisions of the Code—an exception invoked by the debtor himself.  Jamo, 283 F.3d at 398.  "As a result, courts must rigidly enforce the Code provisions governing the execution of reaffirmation agreements."  In re Duffy, No. 11-00841, 2011 WL 4344564, at *2 (Bankr. N.D. Iowa Sept. 15, 2011); In re Grisham, 436 B.R. 896, 900 (Bankr. N.D. Tex. 2010); In re Golladay, 391 B.R. 417, 421 (Bankr. C.D. Ill. 2008).

    The Bankruptcy Code requires a hearing and court approval if the debtor's monthly expenditures will exceed his monthly income after the reaffirmation.  11 U.S.C. § 542(m)(1).  A presumption of undue hardship exists when the debtor's monthly expenses exceed his monthly income.  Id.  The debtor may rebut this presumption, in writing, by identifying additional sources of income available to make the reaffirmed payments.  Id.  "Bankruptcy courts have a duty to review reaffirmation agreements for undue hardship, even when the debtor's attorney confirms that the debtor is capable of paying the reaffirmed debt."  Bartz, 2011 WL 671991, at *3 (citing In re Miller, No. 07-00581, 2007 WL 2413012, at *1 (Bankr. N.D. Iowa 2007)); see In re Melendez, 224 B.R. 252, 260 (Bankr. D. Mass. 1998).  "The debtor cannot overcome the presumption of undue hardship

5

merely by showing that he needs [an item]." Bartz, 2011 WL 671991, at *3 (citing In re Stevens, 365 B.R. 610, 612 (Bankr. E.D. Va. 2007)).

Several courts have rejected reaffirmation agreements when the reaffirmed debt would generate a negative monthly net income. See id.; see also In re Payton, 338 B.R. 899, 904 (Bankr. D.N.M. 2006); In re Husain, 364 B.R. 211, 217 (Bankr. E.D. Va. 2007). "When reaffirming a debt, the Court considers the terms of the reaffirmation agreement, the necessity of the goods sought to be retained, the repossession risk if the debtor does not reaffirm the debt, the goods' replacement value compared to the debt, and whether the collateral is a necessity." Vosburg, 2012 WL 1098523, at *3 (citing Bartz, 2011 WL 671991, at *3); Miller, 2007 WL 2413012, at *1. This Court has previously stated: "The appropriate financial inquiry ascertains whether the debtors' expenses exceeded their income and whether the reaffirmed debt is secured by a necessary item." Miller, 2007 WL 2413012, at *1 (citing In re Vargas, 257 B.R. 157, 166 (Bankr. D.N.H. 2001)).

## ANALYSIS

At the hearing, the Court asked Debtor's counsel to distinguish this case from Bartz. In Bartz, this Court denied reaffirmation of a debt secured by a 2009 Chevrolet Silverado when the presumption of undue hardship arose. 2011 WL 671991, at *1. The debtor in Bartz would have had a monthly deficit of $321.86 after reaffirmation. Id. Debtor's attorney pointed out several differences between Debtor's case and the facts of Bartz, including the age of the truck at the time of

filing the reaffirmation agreements, and whether debtor "upgraded" to a newer truck shortly before bankruptcy.  Here, debtor's attorney points out debtor's truck was older, not recently upgraded, and provided a much smaller amount to finance.  The Court agrees with Debtor and finds that these facts sufficiently differentiate this case from Bartz.  The Court finds the Debtor has shown the truck is a necessary item.

The Court also finds Debtor has shown that he can make the payments with the adjustments he has made to his lifestyle.  Taken as a whole, the circumstances provide sufficient justification for the Court to find Debtor has successfully rebutted the presumption of undue hardship.

**WHEREFORE**, the Reaffirmation Agreement between Debtor and creditor Siouxland Federal Credit Union (ECF Doc. No. 24) is **APPROVED**.

Dated and Entered: September 26, 2012

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE